IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMEN SMITH,

      Plaintiff,                        No. CIV S-09-0993 FCD EFB P

     vs.

TUCKER, et al.,                      ORDER

      Defendants.

_____/

      Currently before the court is plaintiff's and defendants Corr and Tucker's responses to the court's April 7, 2011 order to show cause why sanctions should not be imposed for their failure to file a joint pretrial statement as directed by the court. Also before the court is the parties' April 20, 2011 joint pretrial statement, in which the parties implicitly request that the court modify the March 18, 2010 discovery and scheduling order for the purpose of reopening discovery and for providing additional time within which to file a dispositive motion. The court addresses below the question of sanctions and denies the request to modify the scheduling order.

**I.     Background**

      Plaintiff Damen Smith, then a prisoner proceeding pro se, commenced this action on April 13, 2009 by filing a complaint alleging civil rights violations and naming Tucker as the sole defendant. Dckt. No. 1. Plaintiff also requested leave to proceed in forma pauperis. Dckt.

No. 10. On October 26, 2009, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Dckt. No. 13. The court granted plaintiff's request to proceed in forma pauperis and found that plaintiff had stated a cognizable claim against defendant Tucker. *Id.* Thereafter, plaintiff submitted to the court the materials necessary for the U.S. Marshal to effect service of process on defendant Tucker. Dckt. No. 19. Accordingly, the court ordered the Marshal to serve defendant Tucker with process. Dckt. No. 20. On March 15, 2010, defendant Tucker filed an answer to the complaint.[1] Dckt. No. 22. On March 18, 2010, the court issued a discovery and scheduling order, which provided that all discovery in this action was to be completed by June 18, 2010, and all dispositive motions were to filed on or before September 10, 2010. Dckt. No. 24.

Subsequently, plaintiff retained counsel.[2] Dckt. Nos. 26, 27, 28. Plaintiff, proceeding through counsel, then filed a motion to amend his complaint, which was accompanied by a proposed amended complaint. Dckt. Nos. 29, 34. Plaintiff and defendant Tucker also filed a stipulation "to continue the discovery cut off date for 90 days." Dckt. No. 30. The parties' stipulation was silent as to defendant Tucker's position on plaintiff's motion to amend. *See id.*

On July 8, 2010, the court issued an order stating that the parties' stipulation was not approved. Dckt. No. 31. The court informed the parties that their stipulation would require modification of the discovery and scheduling order, which may only be modified upon a showing of good cause. *Id.* (citing Fed. R. Civ. P. 16(b)). The court further explained that "Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Since the parties' stipulation was not supported by good cause, the court did not approve it. *Id.* The court also noted that defendant Tucker had failed to comply with the

---

[1] Defendant Tucker is represented by attorney Jonathan B. Paul of Moreno and Rivera LLP.

[2] Plaintiff is represented by Victor Jacobovitz of the Law Office of Victor Jacobovitz.

court's local rules requiring that Tucker either file an opposition or a statement of non-opposition to plaintiff's motion to amend. *Id.* Accordingly, the court directed defendant Tucker to respond to plaintiff's motion. *Id.* On July 27, 2010, defendant Tucker filed a statement of non-opposition. Dckt. No. 32. On August 10, 2010, the court granted plaintiff's motion to amend, and screened the amended complaint pursuant to 28 U.S.C. § 1915A. Dckt. No. 33. In addition to defendant Tucker, the court found that the amended complaint stated cognizable claims against defendants Corr, Borgus, Ganal, Jenkins, Alvarez, and Long. *Id.*

After plaintiff submitted materials for service of process on defendants Corr, Borgus, Ganal, Jenkins, Alvarez, and Long, the court directed the U.S. Marshal to effect service on these defendants. Dckt. Nos. 36, 37. Defendant Corr returned a waiver of service and filed an answer on December 1, 2010.[3] Dckt. Nos. 45, 46. However, the U.S. Marshal could not locate defendants Borgus, Ganal, Jenkins, Alvarez, or Long (the "unserved defendants") based on the limited information provided by plaintiff. *See* Dckt. Nos. 41, 42. By order filed November 2, 2010, the court informed plaintiff that he "must provide new information about where these defendants may be served with process." Dckt. No. 42. The court cautioned plaintiff to "proceed with haste because Fed. R. Civ. P. 4(m) requires an action be dismissed as to a defendant not served within 120 days after filing the complaint unless the time is enlarged based upon a demonstration of good cause." *Id.* Further, the court warned that "[f]ailure to provide new instructions for service of process upon defendants Alvarez, Long, Borgus, Ganal and Jenkins within the time allowed or show good cause for such failure will result in a recommendation that this action be dismissed as to those defendants." *Id.* In response, plaintiff submitted the same inadequate information he had previously submitted and supplied nothing new about where or how the defendants could be located. Dckt. No. 43. The court granted plaintiff a second opportunity to provide the court with "*new* information" that would allow the

---

[3] Defendant Corr is also represented by Mr. Paul.

3

1  U.S. Marshal to effect service.[4]  Dckt. No. 44 (suggesting that plaintiff provide a first name or a
2  different address for defendants).  Plaintiff failed to provide new instructions for service or to
3  show good cause for such failure.  Accordingly, the court recommended that the assigned district
4  judge dismiss defendants Alvarez, Long, Borgus, Ganal and Jenkins from this action.  Dckt. No.
5  49.  The district judge adopted the undersigned's recommendation and dismissed the unserved
6  defendants on April 12, 2011.  Dckt. No. 43.

7  On February 15, 2011, the court scheduled a pretrial conference for April 20, 2011 and
8  directed the parties to file a joint pretrial statement, noting that the deadline for filing dispositive
9  motions, as established by the March 18, 2010 discovery and scheduling order had passed, and
10 no party had filed such a motion.  Dckt. No. 50.  The court cautioned the parties that failure to
11 obey the federal or local rules or orders of the court could result in sanctions.  *Id.*  On April 7,
12 2011, because the parties had not filed a joint pretrial statement or otherwise responded to the
13 court's February 15, 2011 order, the court continued the April 20 pretrial conference and ordered
14 the parties to show cause why sanctions should not be imposed for failure to follow court orders
15 and also ordered plaintiff to show cause as to why this action should not be dismissed for failure
16 to follow court orders and/or for lack of prosecution.  Dckt. No. 52 (citing E.D. Cal. L.R. 110,
17 183; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).  The court also required the parties to
18 file their joint pretrial statement by April 20, 2011.  *Id.*
19 ////

---

[4] In plaintiff's counsel's response to the order to show cause, he expresses confusion as to these orders (Dckt. Nos. 42, 44), represents that a "law student clerk of the Judge" informed his assistant by telephone that "no additional forms were necessary," and states that he "assumed that United States Marshals were in the process of locating and serving these defendants." Dckt. No. 54 at ¶¶ 4-5. The court's orders are clear.  They plainly instructed plaintiff that the U.S. Marshal could not serve the defendants unless plaintiff provided *new* information to assist the Marshal in locating them.  The orders expressly warned plaintiff of the consequences should he fail to provide the court with this information.  The court cannot determine any plausible basis for counsel's claimed confusion or assumptions.  To the extent counsel asserts that a law student orally instructed his assistant to not comply with these orders, i.e., that "no additional forms were necessary," he should have filed a written request for clarification from the court as court orders may not be orally modified by conversations with a clerk of court or judge's staff member.

**II.     Responses to the April 7, 2011 Order to Show Cause**

On April 14, 2011 plaintiff's counsel responded to the order to show cause. Dckt. No. 54. Counsel admits that he failed to file the joint pretrial statement as required by the court's February 15, 2011 order, but asks that he not be sanctioned. Dckt. No. 54 at ¶ 7. He states that his mother became ill at some point between November 2010 and February 2011, which caused him to fail to calendar or respond to the court's order.[5] *Id.*, at 5; Decl. of V. Jacobovitz ¶ 3. Counsel also submits that he "was under the mental and emotional stress of the death of his Mother which occurred on March 14, 2011, after a short but hectic and emotional illness." Dckt. No. 54 at ¶ 7. The court is sympathetic to counsel's circumstances, and would have entertained either a stipulation or *ex parte* application to extend time given those circumstances. Simply ignoring the court ordered dates, however, is not an alternative and neither is the suspending of the rules. This case has been pending for over two years now, and the filing of a joint pretrial statement is a prerequisite to trial. At a minimum, counsel should have alerted the court and/or defense counsel to his circumstances or his need for an extension of time.

On April 20, 2011, defense counsel responded to the order to show cause. Dckt. No. 56. He asks that he not be sanctioned because he failed to calendar the deadline, later became ill, was assigned several new cases, and was not contacted by plaintiff's counsel regarding the filing of a joint pretrial statement. *Id.* Counsel's unexplained failure to calendar a deadline does not excuse his failure to comply with the court's order. Nor do the other circumstances described justify his failure in this regard.

////

////

---

[5] Notably, the case file reflects that on the same day the court issued the order directing the parties to file a joint pretrial statement, it issued findings and recommendations, which recommended that the unserved defendants be dismissed. *See* Dckt. Nos. 49, 50. Within three days plaintiff's counsel was able to file objections to the undersigned's findings and recommendations. Dckt. No. 51.

**III.     Joint Pretrial Statement**

Under the heading "Further Discovery or Motions" of the parties' joint pretrial statement, defendants state their position that "this case is not yet ripe for trial and further discovery and law in motion deadlines should be set in this case." Dckt. No. 55 at 8; *see id.* at 10 ("Defendants do believe that a further scheduling order establishing new discovery and law in motion deadlines should be set in this case . . . ."). Defendants take this position because plaintiff retained counsel and filed an amended complaint after the court issued its March 18, 2010 discovery and scheduling order and because the deadlines set therein had already passed by the time defendant Corr filed an answer on December 1, 2010. *Id.* at 8-9. Since that time, defendants have apparently been "await[ing] issuance of a further discovery and scheduling order to permit the parties the opportunity to discover the amended complaint." *Id.* Defendants cite to no authority suggesting that the court is under an obligation to sue sponte amend its scheduling order in such circumstances. Moreover, none of these concerns were raised by defendants in a timely opposition to plaintiff's motion to amend.

Additionally, and despite the facts that discovery was to be completed by June 18, 2010, and that plaintiff never filed a motion to modify the scheduling order, plaintiff now indicates he would like to take additional depositions of unidentified individuals. *Id.* at 9.

As the parties are aware, a scheduling order may only be modified upon a showing of good cause. *See* Dckt. No. 31. Neither party has acted with due diligence nor shown good cause. The March 18, 2010 discovery and scheduling order set forth the deadlines for discovery and dispositive motions. Those deadlines applied to this action as a whole, not only to plaintiff and defendant Tucker, who was the only named defendant at the time the order issued. *See* Fed. R. Civ. P. 16(b)(2) ("The judge must issue the scheduling order as soon as practicable, but in any event, within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared."). Plaintiff chose to amend his complaint to add additional defendants, and it was incumbent upon plaintiff to request modification of the

6

scheduling order if he desired additional discovery. Likewise, it was incumbent upon defendant Corr to request modification of the scheduling order to afford him the opportunity to conduct discovery and/or to file a dispositive motion. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified *only* for good cause and with the judge's consent.") (emphasis added). However, neither plaintiff nor Corr made such a request. Moreover, any belief of defendants that the court would be issuing an amended discovery and scheduling order should have been reevaluated on February 15, 2011, when the court directed the parties to file a joint pretrial statement. Dckt. No. 50. As discussed above, defendants did not request modification of the scheduling order at that time or otherwise respond to the court's order.

**IV.     Order**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Although monetary sanctions on Mr. Jacobovitz and Mr. Paul for their failure to comply with this court's February 15, 2011 order requiring the filing of a pretrial statement is clearly appropriate here, the court declines to impose sanctions at this time. Should either counsel violate court orders or the local or federal rules in the future, the court will not hesitate to impose sanctions.

2. The parties' request to modify the discovery and scheduling order, as set forth in their April 20, 2011 pretrial statement, is denied.

DATED: May 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE