IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMEN SMITH,

        Plaintiff,                        No. CIV S-09-0993 FCD EFB P

    vs.

TUCKER, et al.,

        Defendants.                ORDER

_____/

        This case was before the court on May 4, 2011 for a final pretrial conference. Jonathan Paul appeared as defense counsel; plaintiff's counsel failed to appear. Based on plaintiff's failure to appear, the court issued an order to show cause why plaintiff's counsel, Mr. Victor Jacobovitz, should not be taxed with defense counsel's costs for the wasted appearance. Dckt. No. 59. Jacobovitz has filed a response to the order show cause. Dckt. No. 60.

        Jacobovitz claims that he received an order from the court "denying" the parties' joint pretrial statement, so he believed he did not have to appear at the pretrial conference, which his secretary had failed to calendar anyway. As an exhibit, he attaches the notice of electronic filing he received when the court issued an order on May 3, 2011. The summary of the docket text provided in the notice states in relevant part, "[T]he parties' request to modify the discovery and scheduling order, as set forth in [55] their pretrial statement, is DENIED." *See id.*

1

It is evident from plaintiff's counsel's response that he is neither reading the court's orders nor the brief summaries of docket text provided in the notices of electronic filing.[1]  Here, it appears that Jacobovitz read only the last five words of the docket text summary – "their pretrial statement, is DENIED" – and then assumed, without questioning how or why the court would "deny" a pretrial statement, that he did not have to appear for the pretrial conference, which he would have missed anyway because he did not calendar it.

Jacobovitz has not only wasted judicial resources, but also the time of defense counsel. Under Rule 16(f) of the Federal Rules of Civil Procedure, the court may issue sanctions if a party fails to appear at a pretrial conference. Fed. R. Civ. P. 16(f)(1)(A).  Here, it is appropriate to sanction Jacobovitz in an amount adequate to compensate defense counsel for the reasonable costs incurred by his appearance at the pretrial conference. *See* Fed. R. Civ. P. 16(f) ("Instead of or in addition to any other sanction, the court *must order* the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." (emphasis added)); *Ayers v. City of Richmond*, 895 F.2d 1267, 1269-70 (9th Cir. 1990) (affirming award of opposing party's costs for attending settlement conference where offending party failed to appear). Jacobovitz has not submitted any evidence suggesting that his failure to appear was substantially justified or that other circumstances make an award of expenses unjust.

Plaintiff is again cautioned that failure to comply with orders of this court, the Federal Rules of Civil Procedure, or with the court's Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal., L.R. 110.  The court may recommend this action be dismissed with or without prejudice, as appropriate, if plaintiff disobeys an order or the Local Rules. *See Ghazali v. Moran*, 46 F.3d 52,

---

[1] As discussed in the May 3, 2011 order, which plaintiff's counsel apparently has not read, this is not the first time he has failed to read the court's orders. *See* Dckt. No. 57 at 4, n.4.

1  53 (9th Cir. 1995); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992); *Carey v. King*, 856
2  F.2d 1439, 1440-41 (9th Cir. 1988).
3      Accordingly, IT IS HEREBY ORDERED that defense counsel is entitled to reasonable
4  costs for his appearance at the May 4, 2011 pretrial conference.  Within seven days, defense
5  counsel shall file a declaration with the court and serve a copy on plaintiff detailing the costs
6  incurred by his appearance.
7  DATED: May 16, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE