IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMEN SMITH,

      Plaintiff,                    No. CIV S-09-0993 JAM EFB P

      vs.

TUCKER, et al.,

      Defendants.                <u>ORDER</u>

         Currently before the court is defense counsel's declaration filed in response to the court's May 16, 2011 order determining that he is entitled to reasonable costs for his appearance at the May 4, 2011 pretrial conference, as well as defense counsel's declaration filed in response to the court's June 21, 2011 order directing the parties to file dispositional documents in this case.

**I.    Declaration Responding to May 16, 2011 Order**

         On May 5, 2011, the court issued an order for plaintiff's counsel, Mr. Victor Jacobovitz, to show cause why he should not be taxed the costs for the appearance of defendants' counsel at the May 4, 2011 pretrial conference, which Mr. Jacobovitz failed to attend. Dckt. No. 59. Mr. Jacobovitz responded to that order on May 11, 2011. Dckt. No. 60. On May 16, 2011, the court determined it was appropriate to sanction plaintiff's counsel for his failure to appear and ordered defense counsel, Mr. Jonathan Paul, to file a declaration detailing the costs incurred by his

1

appearance. Dckt. No. 61. On May 23, 2011, Mr. Paul, filed the requested declaration. Dckt. No. 62. He states that he spent two hours preparing for the hearing, two hours traveling and attending the hearing, and $6 for parking. His hourly rate is $170.00. Therefore, Mr. Paul requests $686.00.

The court continued the pretrial conference to June 22, 2011, but on June 21, 2011, the parties filed a notice of settlement, and the court vacated the date for the continued pretrial conference. Dckt. Nos. 59, 63, 64. Thus, not only did Mr. Paul waste his time traveling and attending the hearing, he also wasted the time he spent preparing for the pretrial conference, which never took place. The court finds that Mr. Paul should be compensated for the reasonable costs he incurred by his wasted appearance at the May 4th pretrial conference, and orders Mr. Jacobovitz to pay the sum of $686.00 to Mr. Paul.

**II.     Declaration Responding to June 21, 2011 Order**

On June 21, 2011, the parties filed a notice of settlement. Dckt. No. 63. On the same day, the court directed the parties to file dispositional documents within 30 days and warned the parties that failure to comply with its order may be grounds for sanctions. Dckt. No. 64. On July 21, 2011, Mr. Paul filed a declaration indicating that Mr. Jacobovitz failed to respond to his attempts to contact Mr. Jacobovitz regarding the filing of dispositional documents.

As plaintiff is now well aware, failure to comply with orders of this court, the Federal Rules of Civil Procedure, or with the court's Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal., L.R. 110; *See also Ghazali v. Moran*, 46 F.3d 52,53 (9th Cir. 1995); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Accordingly, the plaintiff shall show cause why he should not be sanctioned for his violation of the court's June 21, 2011 order.

////

////

### III. Order

Accordingly, IT IS HEREBY ORDERED that within seven days of the date of this order:

1. Plaintiff's counsel shall pay sanctions in the amount of $686.00 to defense counsel for the wasted appearance on May 4, 2011. *See* Fed. R. Civ. P. 16(f)(1)(A); E.D. Cal., Local Rule 110.

2. Plaintiff shall show cause why he should not be sanctioned for his failure to comply with the court's June 21, 2011 order.

3. The parties shall file dispositional documents as required by the court's June 21, 2011 order.

Dated: September 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3