IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMEN SMITH,

       Plaintiff,                         No. CIV S-09-0993 JAM EFB P

   vs.

TUCKER, et al.,

       Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

      On September 23, 2011 plaintiff's counsel was ordered, by way of a monetary sanction, to pay defense counsel $686 to reimburse counsel for a wasted court appearance occasioned by plaintiff counsel's failure to appear at the Final Pretrial Conference. Dckt No. 67. That order also directed plaintiff's counsel to show cause why he should not be further sanctioned for his failure to comply with the court's June 21, 2011 order, which directed the parties to file their dispositional documents within 30 days following their report to the court that the case had been settled. Plaintiff's counsel has now responded and has concurrently filed a motion to withdraw as counsel. For the reasons set forth below, it is recommended that this action be dismissed for lack of prosecution and for multiple failures to comply with the court's scheduling orders.

**I.     Background**

      The failure to comply with the June 21, 2011 order is but the latest in a series of failures of counsel to comply with the federal and local rules and the court's orders in this case. The

1

court's order of February 15, 2011 (Dckt. No. 50) set a Final Pretrial Conference for April 20, 2011 and ordered the parties to file a joint final pretrial statement fourteen days prior to that hearing. The order cautioned counsel with Local Rules 281 and 282 in preparing and filing that statement. The order further warned counsel that the failure to comply with those local rules "will be grounds for sanctions." Dckt 50 at 1. It also reminded counsel of their obligations under Rule 16 of the Federal Rules of Civil Procedure to prepare the statement and participate in the conference in good faith, and included the admonition that "a failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses of such other sanctions as the court deems appropriate." *Id.* at 2.

Counsel failed to comply with those rules and violated the court's order when they failed to file the required pretrial statement. Accordingly, on April 7, 2011, the court issued an Order to Show Cause why counsel should not be sanctioned. That order expressly reminded counsel that the sanctions for violating the federal or local rules and court order could include dismissal of the action for lack or prosecution. Dckt 52 at 2. Plaintiff's counsel responded that he was confused as to why "the court feels no prosecution of this case has occurred" and simultaneously explaining that he did not file the required pretrial statement because of stress he was under following the death of his mother on March 14, 2011. Dckt 54 at 3. Defense counsel responded on April 20, 2011 (Dckt No 56), both blaming his staff for the violation of the order due to their failure to follow his instructions to calendar the matter and also attributing the violation to his having been ill. *Id.* at 2 - 3.

Neither counsel established good cause for not imposing sanctions. However, rather than impose sanctions the court again admonished counsel that "[s]hould either counsel violate court orders or the local or federal rules in the future, the court will not hesitate to impose sanctions." Dckt. No. 57 at 7.

////

On April 20, 2011, a document purporting to be a joint pretrial statement was filed by the parties indicating on the cover page :

> Final Pretrial Conf: May 4, 2011
> Time: 10:00 a.m.
> Before: Hon. Edmund F. Brennan
> Location: Courtroom No. 24

Dckt. No. 55 at 1.  At the final pretrial conference defense counsel appeared but no appearance was made on behalf of the plaintiff.  Accordingly, plaintiff's counsel was again ordered to show cause why he should not be sanctioned; this time for his failure to appear at the Final Pretrial Conference.[1]  Dckt. No. 59.  Plaintiff's counsel failed to show good cause for not imposing sanctions and the court entered an order requiring him to reimburse defense counsel for the wasted court appearance.  That order also directed defense counsel to submit a declaration detailing the costs that were incurred.  Dckt. No. 61.  Ultimately, the court ordered plaintiff's counsel to reimburse defense counsel the amount of $686.  Dckt. No. 67.  Both orders (Dckt. Nos. 61 and 67) again admonished plaintiff that the failure to comply with court orders is grounds for sanctions.  The May 16, 2011 order expressly warned plaintiff's counsel further violations may result in a recommendation that "this action be dismissed with or without prejudice, as appropriate, if plaintiff disobeys an order or the Local Rules."  Dckt. No. 61 at 2.

After the May 16, 2011 order to show cause the parties reported the case as having settled.  *See* Notice of Settlement filed on June 21, 2011.  Dckt. No. 63.  Accordingly, on the same day the court entered an order vacating the trial date and the rescheduled final pretrial conference and directed the parties to file dispositional documents "not later that thirty (30) days from the date of this order."  Dckt. No. 64.  That order again included the explicit admonition that the failure to comply with the order may be grounds for sanctions.  Dckt. No. 64. The parties failed to comply with that order as well.  Instead of filing dispositional documents, defense

---

[1] The unexcused failure to attend the Final Pretrial Conference is alone adequate basis for dismissal of this action.  *See* Fed. R. Civ. P. 16(f)(1)(A) and 37(b)(2)(A)(v).

3

counsel submitted a declaration stating plaintiff's counsel, Mr. Jacobovitz, failed to respond to email and telephone requests to return the executed stipulation for dismissal in accordance with the settlement. Dckt. No. 65. Accordingly, the court's order of September 23, 2011, directing plaintiff's counsel to pay sanctions in the amount of $686, also ordered plaintiff's counsel to show cause within seven days why sanctions should not also be imposed for his violation of the June 21, 2011 order. Dckt. No. 67 at 2-3.

## II.     Response to Order to Show Cause

Plaintiff's counsel, Mr. Victor Jacobovitz, filed an untimely response to the order to show cause on October 6, 2011. In a declaration signed under penalty of perjury, he states that in late May to early June, his client agreed to defendants' offer to waive costs in exchange for the release of all claims, and dismissal of this case with prejudice. Dckt. No. 68, Jacobovitz Decl. ¶ 7. He states that he received a stipulation for dismissal with prejudice from defense counsel on June 23, 2011, and that his client agreed to sign the document the following day. *Id.* ¶ 8. However, according to Jacobovitz, his client subsequently has refused multiple times to sign the document and has told Jacobovitz that he would be hiring another attorney. *Id.* ¶ 10. However, Jacobovitz states he has not heard anything further from his client and is unable to reach him at this last known telephone number. *Id.* ¶ 10. In response to why he did not respond to the court's June 21st order, Jacobovitz states only that he "believ[ed] that a settlement agreement was in fact in place . . . ." *Id.* ¶ 9.

As reflected by the history recounted above, plaintiff and his counsel are well aware that failure to comply with court orders as well as the Federal Rules of Civil Procedure and the court's Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal., L.R. 110; *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988).

////

4

1    Plaintiff's counsel has repeatedly failed to comply with the court orders and the federal
2 and local rules, s*ee* Dckt. Nos. 42, 44, 52, 57, 59, 61, 67, and, continues to do so, as
3 demonstrated by his untimely response to the order to show cause, and deficient motion to
4 withdraw. Moreover, his statement that he believed "that a settlement agreement was in fact in
5 place," does not explain why he failed to file dispositional documents as directed by the court on
6 June 21st. At some point, enough is enough. Multiple warnings and the previous imposition of
7 monetary sanctions have failed to induce plaintiff and his counsel to comply with the federal and
8 local rules and the court's scheduling orders. Moreover, in light of the failure of anyone on
9 behalf of plaintiff to attend the final pretrial conference and the plaintiff's failure to stay in
10 contact with his attorney, it appears that plaintiff has abandoned the case.

11 **III.   Conclusion**

12    Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure
13 to prosecute and for multiple failures to comply with the court's scheduling orders. Fed. R. Civ.
14 P. 41(b); 16(f)(1)(A), (B), (C); 37(b)(2)(A)(v); Local Rule 110.

15    In light of this recommendation, IT IS FURTHER RECOMMENDED that Jacobovitz's
16 request to withdraw as counsel be denied as moot.

17    These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
19 after being served with these findings and recommendations, any party may file written
20 objections with the court and serve a copy on all parties. Such a document should be captioned
21 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
22 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
23 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24 DATED: April 11, 2012.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE